**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION**

**DEMETRIUS LERONE SPRINGS,**

    **Plaintiff,**

vs.                                                   **CASE NO. 5:09CV155-RS/AK**

**TANNER SKETO,**

    **Defendants.**

                                                     **/**

**REPORT AND RECOMMENDATION**

      Plaintiff brings this cause of action pursuant to 42 U.S.C. §1983 alleging that Defendant refused him hot coffee and then because he grieved this issue Defendant later gassed him.  The coffee incident allegedly occurred on October 24, **2009**, which the court presumes to be 2008, but no other dates or specific facts are provided and the crux of the complaint appears to center around the fact that Plaintiff did not get his coffee one morning.

      A court may dismiss a case proceeding *in forma pauperis* if the complaint fails to state a claim upon which relief may be granted.  28 U.S.C. § 1915A.

      *Pro se* complaints are to be held to a less stringent standard than those drafted by an attorney. Wright v. Newsome, 795 F.2d 964, 967 (11th Cir. 1986), *citing* Haines v. Kerner, 404 U.S. 519, 520-1, 92 S. Ct. 594, 596, 30 L. Ed. 2d 652 (1972).  However, a plaintiff is still required to "set forth factual allegations, either direct or inferential,

respecting each material element necessary to sustain recovery under some actionable legal theory." Worst v. Hart, 1995 WL 431357, *2 (N.D. Fla. 1995). It cannot be assumed that a Plaintiff will prove facts which have not been alleged. Quality Foods de Centro America, 711 F.2d at 995, *citing* Associated General Contractors of California, Inc. v. California State Council of Carpenters, 459 U.S. 519, 103 S. Ct. 897, 902, 74 L. Ed. 2d 723 (1983). Hence, even though the pleading standard for a *pro se* complaint is quite liberal, "bald assertions and conclusions of law will not suffice." Leeds v. Meltz, 85 F.3d 51, 53 (2d Cir. 1996). Additionally, the court's duty to construe a plaintiff's complaint liberally is not the equivalent of a duty to rewrite it. Peterson v. Atlanta Housing Auth., 998 F.2d 904, 912 (11th Cir. 1993).

The Court is **required** to dismiss a complaint at any time if it is determined to be frivolous. 28 U.S.C. §1915(e)(2)(B)(I). Typically, a court should serve the complaint and have benefit of the defendant's response before making such a determination, but there are compelling reasons for immediately dismissing frivolous suits by prisoners since they unduly burden the courts, obscure meritorious claims, and require innocent parties to expend significant resources in their defense. Williams v. Secretary for the Department of Corrections, 131 Fed. Appx. 682, 686 (11th Cir. 2005). Dismissal prior to service is also appropriate when the Court determines from the face of the complaint that the factual allegations are clearly baseless or that the legal theories are indisputably meritless. Williams, *supra*; Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993).

**No. 5:09cv155-RS/AK**

Plaintiff has at least twice before filed frivolous or malicious complaints and had his cases dismissed.  See Case Nos. 5:08cv366-SPM/MD and Case no 5:09cv5-SPM/EMT.  This case, too, should be dismissed as frivolous and the Clerk should note that this constitutes the third strike within the meaning of 28 U.S.C. §1915(g).

In light of the foregoing, it is respectfully **RECOMMENDED** that Plaintiff's complaint, doc. 1, be **DISMISSED** as frivolous, and that the order adopting this report and recommendation direct the clerk of court to note on the docket that this cause was dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and constitutes the third strike.

**IN CHAMBERS** at Gainesville, Florida, this  __2nd__  Day of June, 2009.


_s/ A. KORNBLUM_
**ALLAN KORNBLUM**
**UNITED STATES MAGISTRATE JUDGE**


### NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 10 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**

**No. 5:09cv155-RS/AK**